IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HASSAN LAMONT JOHNSON,           )
                                 )
            Petitioner,          )
                                 )
    v.                           )        Case No.  4:20-CV-00246-AGF
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Hassan Lamont Johnson's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  On July 27, 2017, Petitioner entered a plea of guilty to one count of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g).   The Court accepted Petitioner's plea, and on November 15, 2017, sentenced Petitioner to 120 months in prison with a two-year term of supervised release.  *Hassan Johnson v. United States*, No. 4:17-CR-00024-AGF-1, Doc. No. 45.[1]  Petitioner appealed his sentence on December 21, 2017, claiming he was coerced into his plea deal.  *See* Crim. Doc. Nos. 48, 52-54.  The Eighth Circuit Court of Appeals dismissed his appeal, holding that Petitioner "entered into the plea agreement and the appeal waiver knowingly and voluntarily."  *United States v. Hassan Johnson*, 759 F. App'x 548, 548 (8th Cir. 2019) (per curiam).

---

[1]      Filings in Petitioner's criminal case will be referenced hereafter as "Crim. Doc. No."

In his pro se motion under § 2255, Petitioner claims that his plea counsel was ineffective for (1) failing to pursue a motion to suppress the firearms that police found in the crashed vehicle; (2) failing to challenge the elements of felon in possession of a firearm (§ 922(g)); and (3) failing to object to the plea agreement at sentencing. Petitioner also claims that (4) appellate counsel was ineffective for failing to investigate credible issues before filing an *Anders* brief. Because the record before the Court conclusively demonstrates Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

### Criminal Proceedings

As part of the guilty plea agreement signed by both parties, Petitioner stipulated to the following facts. Crim. Doc. Nos. 33, 60 at 12. Petitioner was investigated by members of the St. Louis Metropolitan Police Department ("SLMPD") in August of 2016 for violations of his probation relating to a felony conviction. Crim. Doc. No. 33. Acting on a tip, SLMPD officers initiated surveillance outside Petitioner's residence. *Id*; *see* Final Presentence Report ("PSR"), Crim. Doc. No. 39 at 4. On August 2, 2016, Petitioner was observed seated in the driver's seat of a vehicle with three other occupants. Crim. Doc. No. 33. Petitioner was then observed exciting the vehicle, retrieving a handgun and getting into a second vehicle. *Id.* The vehicle stopped at a gas station, the driver exited and SLMPD officers approached. *Id.* Petitioner then grabbed an AK-47 rifle and pointed at the SLMPD officers before moving to the driver's seat and fleeing from the scene in the vehicle. *Id.* The vehicle came to a stop when Petitioner collided

with another car.  *Id.*  Petitioner then excited the vehicle and began to run from the scene of the accident until he was struck by a pursuing police vehicle.  *Id.*  While on the ground, Petitioner threw a bag of heroin into some nearby bushes.  *Id.*  In the vehicle Petitioner used to flee the scene, SLMPD officers found three firearms: (1) a Zastava N-PAP M70 assault rifle; (2) a stolen Kahr Arms CT45, a 45-caliver pistol; and (3) a HS produkt XD-9 model, 9mm pistol.  *Id.*  The officers also recovered 70 capsules of heroin and cocaine base, crack.  *Id.*  Numerous state charges were filed.

Petitioner was indicted federally on January 18, 2017, for one count of felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1).  Crim. Doc. No. 1. Petitioner was arrested on January 18, 2017, and Assistant Federal Public Defender William Marsh was appointed to represent Petitioner.

On January 31, 2017, Petitioner made an oral motion to suppress evidence.  Crim. Doc. No. 18.  Thereafter, Petitioner requested and obtained multiple extensions of time to file pretrial motions in order to obtain and review discovery materials.  *See* Crim. Doc. Nos. 17, 20, 21, 22, 24, 26.  On June 6, 2017, Petitioner filed a waiver of pretrial motions. Crim. Doc. No. 27.  The waiver stated that counsel personally discussed the matter with Petitioner and Petitioner agreed that there were no issues to raise in pretrial motions.  *Id.* On June 14, 2017, Petitioner appeared in person with counsel before United States Magistrate Judge David Noce and confirmed, under oath, that he understood his rights in this regard, and wished to waive his right to file pretrial motions and to a pretrial hearing. Crim. Doc. No. 29.  Judge Noce accepted his waiver as knowingly and voluntarily made. *Id.*

- 3 -

**Plea Agreement and Hearing**

On July 27, 2017, a change-of-plea hearing was held before the undersigned. Petitioner pled guilty to a single court of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) pursuant to a Rule 11(c)(1)(C) plea agreement.  Crim. Doc. No. 33.  In his plea agreement, Petitioner admitted that there was a factual basis for the plea and that he understood the elements of the crime were (1) Petitioner knowingly possessed firearms; and (2) prior to his possession of those firearms, Petitioner had been convicted of a felony which was punishable by imprisonment for a term exceeding one year under the laws of the State of Missouri; and (3) the possession was in or affecting interstate commerce, that is the firearms were transported across state lines before the defendant's possession.  Crim. Doc. No. 33.

In his plea agreement, Petitioner acknowledged that the United States could prove all the relevant facts of the crime beyond a reasonable doubt if the case were to go to trial, including that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.  Petitioner further agreed to "waive all rights to appeal all nonjurisdictional, non-sentencing issues."  Crim. Doc. No. 33 at ¶ 7(a)(1).  Similarly, Petitioner agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [§] 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel."  *Id.* at ¶ 7(b).

During the change-of-plea hearing, Petitioner confirmed under oath that he had read, discussed with his attorney, and understood the terms of the plea agreement, and that he was guilty of the crimes to which he was pleading guilty.  Crim. Doc. No. 60, Plea

Hr'g Tr., at 7-12.  Petitioner also confirmed that no one had made him any promises or offers in order to induce him to plead guilty other than what was contained in the plea agreement, nor did anyone threaten or try to force Petitioner to plead guilty.  *Id.* at 35-56. 40.  Petitioner further confirmed that he was satisfied with the representation he received from his attorney, and that there was nothing he wanted his attorney to do for him that the attorney had not done in representing Petitioner.  *Id.* at 8.  Specifically, regarding Mr. Marsh, Petitioner stated the following:

> THE COURT: And you are here today with Mr. Marsh; correct?
>
> THE DEFENDANT: Correct.
>
> THE COURT: And have you had enough time to discuss both your case and this plea agreement with your attorney, sir?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And are you satisfied with his representation of you in this case?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Is there anything you think your attorney should have done but hasn't done in representing you?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Is there anything you asked him to do that he refused to do?
>
> THE DEFENDANT: No, ma'am.

*Id.* at 8.

Petitioner admitted that he was guilty of each of the elements for the crime to which he was pleading guilty and understood that in doing so he was waiving or giving up his right to trial.  *Id.* at 34-35.  Petitioner also stated that he understood he was

waiving his right to post-conviction relief, except for claims of prosecutorial misconduct or ineffective assistance of counsel.  *Id.* at 33.

The plea agreement additionally provided that the "government will forgo charging violation of Title 21 § 841, the distribution of heroin and Title 18 § 924(c) the use of a firearm in relation to that distribution."  Crim. Doc. No. 33 at 1.  The plea agreement also stated that due to the concessions of the Petitioner, both parties agreed to a 120-month sentence, and while the Court was not bound by the plea agreement, if the Court did not follow the agreed sentence, either party could set aside the plea agreement. *Id.*  Petitioner stated that he understood his plea agreement dictated a sentence of 120 months:

> THE COURT: And the parties are further agreeing, in part, to your agreement to plead guilty to the inditement, the parties are agreeing to a 120-month sentence; in other words, ten years.  Do you understand?
>
> THE DEFENDANT: Yes, ma'am.

Crim. Doc. No. 60 at 19.

At the conclusion of the hearing, the Court found that Petitioner was competent to enter a guilty plea and his plea was made "knowing, intelligently, and voluntarily," and that it had "a basis in fact that contain[ed] all of the elements of the offense charged in Count One of the indictment."  *Id.* at 41.[2]

---

[2]  The Court informed Petitioner that the Court would not be accepting his plea at the plea hearing, but would determine, prior to sentencing, whether the 120-month sentence stipulated to in the Rule 11(c)(1)(C) plea agreement was acceptable given the sentencing guidelines and the possibility that Petitioner may be categorized as an armed career criminal.  *See* Crim. Doc. No. 60 at 21-28.

### Sentencing Proceedings

The Court proceeded with sentencing on November 15, 2017.  Prior to imposing the sentence, the Court informed the parties that after considering the sentencing guideline range, which was below the binding plea range, and considering all of the factors under 18 U.S.C. § 3553(a), the Court was willing to abide by and accept the plea agreement.  *See* Crim. Doc. No. 58, Sentencing Hr'g Tr., at 4.  At the sentencing hearing, plea counsel confirmed that he had reviewed the presentence investigation report ("PSR") with Petitioner and neither party had any formal objections to the report.[3]  Crim. Doc. No. 58 at 5.

Even though the parties agreed to a 120-month sentence, the Court weighed the sentencing guidelines and Petitioner's criminal history.  *Id.*  at 6-7.  The Court first discussed the applicable sentencing guidelines, which began with a Base Offense Level of 20.  Two levels were added because the offense involved three firearms, two more levels were added because one of the firearms was reported stolen.  Four more levels were added because the firearm was possessed in connection with another felony, and two more levels were added because Petitioner created a substantial risk of injury while he was attempting to flee from the police, resulting in a total Offense Level of 30.  From that, three levels were deducted for Petitioner's acceptance of responsibility and timely notifying the Government of his intent to enter into a plea.  *Id.* at 6.  The Court also

---

[3]     Petitioner's counsel requested a few informal biographical changes to the PSR, which were agreed upon with the probation office, and those changes were made prior to the sentencing hearing.  *See* Crim. Doc. No. 58 at 5.

considered Petitioner's criminal history, which resulted in five criminal history points, placing him in a Criminal History Category III.  *Id*.  The Court determined that the sentencing guideline range was 87 to 108 months, and the parties agreed.  *Id.*

The Court explained that in light of the conduct that was described in the PSR, and as acknowledged by counsel, Petitioner could have been subject to a much more serious sentence, therefore the Court was willing to accept the parties' binding plea agreement. Specifically, the Court explained that the "most important…consideration here was the fact that under Section 924(c) had those charges been filed against [Petitioner]…[he] would be facing a sentence of seven years consecutive to all other counts…" *Id.* at 4. The Court then imposed the agreed upon sentence of 120-months, followed by two years of supervised release.  *Id.* at 9-10.  The Court advised Petitioner that he could appeal his conviction if he believed his guilty plea was unlawful or involuntary.  *Id*. at 17.  The Court also advised Petitioner that even though his plea agreement waived some or all of his right to appeal the sentence itself, he could appeal the sentence if he believed the waiver was not valid or otherwise enforceable.  *Id.*

### Appeal

On December 7, 2017, Petitioner filed a *pro se* notice of appeal, claiming that he was "coerced into a very harsh 'plea' due to threats from both 'parties.'"  Crim. Doc. No. 48 at 1.  On December 18, 2017, trial counsel, Assistant Federal Defender William Marsh, helped Petitioner cure his untimely appeal, and then moved to withdraw due to a conflict of interest.  *See* Crim. Doc. No. 52.  The Eighth Circuit appointed appellate

counsel James Schottel under the Criminal Justice Act.[4]  Crim. Doc. No. 64.  After

reviewing the entire record and researching the applicable law, appellate counsel moved

for leave to withdraw under *Anders v. California,* 386 U.S. 738 (1967) determining that

there were no non-frivolous grounds for appeal.  Br. of Appellant, *United States v.*

*Hassan Johnson*, No. 17-3704 (Sept. 11, 2019).

On March 7, 2019, the Court of Appeals dismissed the appeal and independently

found no non-frivolous issues for appeal outside the scope of the appeal waiver.  Crim.

Doc. No. 66.  The Eighth Circuit concluded that the record "demonstrates that

[Petitioner] entered into the plea agreement and the appeal waiver knowingly and

voluntarily, his challenge to the sentence falls within the scope of the appeal waiver, and

no miscarriage of justice would result from enforcing the waiver."  *Id.* at 2.  The Eighth

Circuit also noted that it "independently reviewed the record under <u>Penson v. Ohio</u>, 488

U.S. 75 (1988), and…found no non-frivolous issues for appeal outside the scope of the

appeal waiver." *Id*.

### **Motion to Vacate**

Petitioner brought this 28 U.S.C. § 2255 motion to vacate judgment on February

11, 2020.  Doc. No. 1.  As noted above, the Court has discerned four separate claims

from Petitioner's motion: (1) plea counsel was ineffective for failing to pursue a motion

to suppress the firearms that the police found in a crashed vehicle; (2) plea counsel was

---

[4]     The Eighth Circuit first appointed Michael Bernard Murphy as appellate counsel.
Crim. Doc. No. 57.  Murphy later moved to withdraw, his motion was granted, and the
Eighth Circuit appointed James Schottel.  Crim. Doc. No. 64.

ineffective for failing to challenge the elements of felon in possession of a firearm (§ 922(g)); (3) plea counsel was ineffective for failing to object to the plea agreement at sentencing; and (4) appellate counsel was ineffective for failing to investigate credible issues before filing an *Anders* brief.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."   28 U.S.C. § 2255.  A petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal.  *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006).

"To establish ineffective assistance during plea negotiations, the petitioner must show 'counsel's representation fell below an objective standard of reasonableness' and 'that such deficient performance prejudiced' the defense."  *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  Prejudice in this context requires the petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies."  *Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019) (citing *Lee v. United States*,

137 S. Ct. 1958, 1967 (2017)).  "Instead, judges should look to contemporaneous evidence to substantiate a defendant's expressed preferences."  *Id.*  In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings."  *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

## Claims of Ineffective Assistance of Counsel

### Claim 1: Failure to Pursue Motion to Suppress Evidence

Petitioner first contends that his plea counsel was ineffective for failing to file a pre-trial motion to suppress evidence.  Specifically, Petitioner argues that the firearms the officers recovered in the second vehicle were "unlawfully recovered from a [vehicle] that was not the property of Petitioner."  Doc. No. 1-1, at 5.  "When a defendant claims that counsel was ineffective by failing to litigate a Fourth Amendment challenge to a search and seizure, the defendant must prove that the claim is meritorious."  *United States v. Luke*, 686 F.3d 600, 606 (8th Cir. 2012) (citation omitted); *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014) ("Counsel is not ineffective for failing to pursue a motion to suppress that he reasonably believes would be futile.").  Petitioner argues that because he was outside the vehicle at the time of his arrest, a search warrant or consent of the vehicle's owner was required before the officers could search the vehicle or seize any evidence.  This argument is without merit.  The record confirms that there were applicable exceptions to the Fourth Amendment's warrant requirement with respect to the officers' search of the car.

The facts from the Plea Agreement and the PSR support that the officers had both

probable cause to search the vehicle and the search was conducted incident to Petitioner's arrest.  Here, the officers knew Petitioner had a prior felony conviction, and observed Petitioner with a firearm on two separate occasions during their pursuit.  First, Petitioner was observed carrying a handgun when he exited the first vehicle and entered the second vehicle.  Crim. Doc. No. 33, at 2; Crim. Doc. No. 39, at 4.  Petitioner was thereafter observed pointing an AK-47 at an officer at the gas station from the second vehicle before fleeing the area.  Crim. Doc. No. 33, at 2; Crim. Doc. No. 39, at 4.  At the plea hearing, Petitioner explicitly stated that the facts as stated in the plea agreement were true, and the Petitioner did not lodge any objections to the PSR.  *See* Crim. Doc. No. 60 at 12, 39; *see* Crim. Doc. No. 38; *see* Crim. Doc. No. 59 at 5.  Additionally, Petitioner went to great lengths to avoid capture.  *See* Crim. Doc. No. 33, at 2-3; Crim. Doc. No. 39, at 4 (¶ 15-16).

These facts support a finding of that the officers had probable cause to search the vehicle under the "automobile exception" to the Fourth Amendment.  *U.S. v. Kennedy,* 427 F.3d 1136, 1140-41 (8th Cir. 2005) ("The so-called 'automobile exception' permits police to conduct a warrantless search of an automobile if, at the time of the search, they have probable cause to believe that the vehicle contains contraband or other evidence of a crime.") (citations omitted).  "Probable cause sufficient to justify a search exist where, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Id*. (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Additionally, Johnson was arrested, in part, on charges of unlawful use of a

weapon - felon in possession in a firearm.  *See* Crim. Doc. No. 39, at 6 (¶ 23).  And the officers had good cause to believe firearms and other evidence could be found in the car. As such, the officers were permitted to search the vehicle for firearms incident to his arrest.  *See United States v. Winarske*, 715 F. 3d 1063, 1068 (8th Cir. 2013) ("[P]olice may search a vehicle incident to a recent occupant's arrest…[i]f it is reasonable to believe the vehicle contains evidence of the offense of arrest") (quoting *Arizona v. Gant*, 556 U.S. 332, 351).

As such, it was reasonable for defense counsel to believe that pursuing a motion to suppress would be futile.  *See Anderson,* 762 F.3d at 794.  Nor does the Court find that Petitioner was prejudiced by counsel's failure to pursue this motion to suppress.

Additionally, Plaintiff's ineffective assistance of counsel claims are refuted by the record.  Petitioner explicitly waived his right to pre-trial motions at the hearing before Judge David Noce, assuring the Court that he had discussed the waiver with this attorney; no one was forcing him to make this decision; and he was waiving his right to pretrial motions by his own free will.  *See* Crim. Doc. No. 70, Mot. Hr'g Tr.

Moreover, at the plea hearing, Petitioner stated that he was satisfied with his counsel's representation, that there were no questions he had that his counsel had not answered, and that there was nothing he asked his counsel to do that counsel had not done.  *See Adams*, 869 F.3d at 635 ("A defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings") (citation omitted).  Thus, the Court will deny Petitioner's First Claim.

**Claim 2: Failure to Challenge Elements of § 922(g)**

Next, Petitioner argues that his plea counsel was ineffective when he failed to challenge the elements of felony possession of a firearm pursuant to §922(g) as applied under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  This claim is without merit. Petitioner argues that the Government did not prove that he "knowingly possessed" the alleged firearms as required in *Rehaif v. United States*, therefore his conviction cannot stand.  Petitioner's argument fails for numerous reasons.

First, *Rehaif* is not applicable to Petitioner's argument.  When Petitioner pleaded guilty and was sentenced, the Eighth Circuit required proof of three elements to support a conviction under § 922(g)(1): "(1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce."  *United States v. Montgomery*, 701 F.3d 1218, 1221 (8th Cir. 2012).

Over a year after the Petitioner was sentenced, the Supreme Court held in *Rehaif* that § 922(g) required additional proof that defendant "knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200.  As such, Petitioner's arguments under *Rehaif* are misplaced.  The "knowingly possessed" element was required to support a conviction prior to *Rehaif*, and the decision in *Rehaif* did not alter this requirement.  *See Matthews v. United States*, No. 19-2091, 2020 WL 2614619, at *2 (6th Cir. Jan. 6, 2020) ("*Rehaif* only addressed the scienter-of-status element of § 922(g) – it changed nothing about what it means to knowingly possess a firearm.  So *Rehaif* does [Petitioner] no good.")

- 14 -

Petitioner does not appear to argue that he was unaware of his prohibited status[5], but to the extent that Petitioner argues that his counsel was ineffective for failing to make such an argument under *Rehaif*, his argument is without merit.  *Rehaif* was not issued until well after Petitioner was sentenced, and counsel's failure "to anticipate a change in the law ... does not constitute ineffective assistance."  *See Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999); *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("Counsel is not accountable for unknown future changes in the law.").

Second, Petitioner's argument with respect to the Government's burden is inapplicable in the plea context.  Petitioner argues that a guilty plea "does not omit the Government from presenting evidence to support the elements need[ed] to convict [him]."  Crim. Doc. 1-1, at 11-12.  This Court has previously held that because the holding of *Rehaif* concerns the government's burden of proof at trial, when a defendant pleads guilty, he relieves the government of its burden.  *See Goldsberry v. United States*, No. 4:19-CV-00950-AGF, 2020 WL 2085647, at *13 (E.D. Mo. Apr. 30, 2020) (collecting cases).  As such, Petitioner's argument here fails.

To the extent Petitioner argues that he is actually innocent of § 922(g), his claim has been procedurally defaulted and is without merit.  "Actual innocence" claims in the federal habeas context can refer to either a "gateway claim" or a "freestanding claim."

---

[5]     In fact, Petitioner admitted under oath that he knew we has previously been convicted of one or more felony offenses.  *See* Crim. Doc. No. 60, at 37.  In any event, Petitioner could not credibly argue he was unaware of his status, as he incurred felony convictions in 2010 and 2013, and was on probation for the 2013 felony convictions when the instant offense was committed.

*See Nash v. Russell*, 807 F.3d 892, 898-99 (8th Cir. 2015).  A "gateway claim" is a means by which a petitioner can obtain review on an otherwise procedurally barred claim.  *See House v. Bell*, 547 U.S. 518, 537 (2006).  In order to obtain such review, the petitioner must satisfy a two-part test: "(1) the 'allegations of constitutional error must be supported with new reliable evidence not available at trial'; and (2) 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"  *Nash*, 807 F.3d at 899 (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001)) (citing *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  "New reliable evidence" is evidence such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that "was not available at trial and could not have been discovered earlier through the exercise of due diligence."  *Schlup*, 513 U.S. at 324; *Armine*, 238 F.3d at 1028.

A "freestanding claim" of actual innocence has never been explicitly recognized by the Supreme Court.  *See House*, 547 U.S. at 555.  It is unclear if a petitioner can assert a freestanding actual innocence claim in a habeas petition, however if such a claim did exist, the Eighth Circuit has explained that the threshold for the claim would be "extraordinarily high" and would require "'more convincing proof' than the 'gateway' standard."  *Turner v. United States*, No. 1:16-CV-00268 JAR, 2020 WL 1323037, at *8 (E.D. Mo. Mar. 20, 2020) (citing *Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 1994)) (quoting *Herrera v. Collins,* 506 U.S. 390, 417 (1993) and *House*, 547 U.S. at 555).

Petitioner has failed to allege the facts necessary to establish actual innocence either as a gateway claim or freestanding claim, assuming the latter were recognized.

Petitioner fails to set forth any "new reliable evidence" that he did not knowingly possess a firearm, and the overwhelming evidence of record in this case belies any such assertion. Petitioner cannot not credibly argue that he did not knowingly possess a firearm. Petitioner attempts to argue that since he did not have any firearms on his person at the time of his physical arrest, the Government cannot prove the "knowingly possessed" element.  To the contrary, officers observed Petitioner with the firearms, and the firearms were found in the vehicle he abandoned during the pursuit.  Moreover, Petitioner admitted under oath that he knew he was in possession firearms.  *See* Crim. Doc. No. 60, at 37.

Additionally, Petitioner stated that the recitation of facts in the plea agreement was a truthful account of the incident.  Those facts stated that officers observed Petitioner in possession of a firearm on two occasions during the relevant incident: once when leaving the first car and entering the second car, and again when confronted at the gas station in the second car.  *See Id.* at 37-39.

In light of these facts, Petitioner cannot claim that he is actually innocent of knowing possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  For these reasons, the Court will deny Petitioner's second claim.

**Claim 3: Failure to Object to Plea Agreement**

Petitioner's final claim of ineffective assistance by plea counsel argues that counsel was ineffective in that he failed to object after "the Government breached the original plea agreement by presenting a totally different plea that was drastically different from the one he agreed to sign," and he was "coerced by his attorney at the Plea Hearing

- 17 -

at the last minute to accept a totally different plea by the Government." These claims are plainly refuted by the record. During the plea colloquy, Petitioner confirmed under oath that he reviewed the plea agreement, and discussed the agreement with his attorney prior to signing it. During the hearing, but prior to reviewing the terms and facts of the plea agreement, the Court discovered that it had a different plea agreement than the parties. Specifically, the Court noted that the plea was not a Rule 11(c)(1)(C) plea agreement. The correct plea agreement was provided to the Court, and Petitioner's counsel confirmed that Petitioner had the correct plea agreement, as originally agreed upon between the parties.

Thereafter, the Court reviewed the terms of the plea agreement with Petitioner, including the binding nature of the Rule 11(c)(1)(C) agreement, and that the agreement provided for a 120-month sentence. Petitioner confirmed his understanding of these terms. Further, the Court mentioned that plea agreement called for a 120-month sentence no less than seven times. Each time the sentence was mentioned, Petitioner confirmed his understanding.

Further, Petitioner confirmed on several instances before pleading guilty that no one promised him anything or tried to force him to plead guilty; that he understood that if the Court imposed a sentence other than the 120 months agreed upon by himself and the government in his plea agreement that he could set aside the plea agreement; that he could be sentenced above or below the Guidelines range; that he was facing criminal felony charges; and that the facts contained in the plea agreement were all true. Petitioner explicitly confirmed to the Court that he did not receive any promises to induce

him to plead guilty, other than what was included in the plea agreement, he was not offered or given anything to induce him to plead guilty, nor did anyone threaten or try to force him to plead guilty.

Moreover, as above, Petitioner's claims are contradicted by his repeated representations to the Court during the plea-taking that he was satisfied with his counsel's representation, that there were no questions he had that his counsel had not answered, and that there was nothing he asked his counsel to do that counsel had not done.

Furthermore, the Eighth Circuit considered and rejected this claim in Petitioner's appeal, finding that "[Petitioner] entered into the plea agreement…knowingly and voluntarily."  Crim. Doc. No. 66 at 2.

In sum, the record plainly refutes Petitioner's claims, and there is no basis for this Court to find plea counsel's performance to be constitutionally deficient.  Thus, the Court will deny Petitioner's third claim.

**Claim Regarding Appellate Counsel – Anders Brief**

Lastly, Petitioner claims that his appellate counsel was ineffective for failing to investigate credible issues before filing an *Anders* brief.  Specifically, Petitioner argues that "[a]ppellant [c]ounsel failed to investigate the case record and transcript for errors to best present credible issues to raise on appeal that were likely to afford relief."  This claim is without merit and plainly contradicted by appellant's counsel brief and the decision of the Eighth Circuit.

Appellant counsel attested to the following in his *Anders* brief:

"The undersigned counsel has carefully reviewed the complete record

- 19 -

in this case, including the Pre-Sentence Investigation Report, all pleadings filed in the district court, and the transcripts of the July 27, 2017 Change of Plea Hearing and the November 2017 Sentencing Hearing. After researching the law as it applies to Mr. Johnson's case, the undersigned counsel has concluded that there are no issues to raise herein which are not wholly frivolous within the meaning of *Anders v. California*, 386 U.S. 738 (1967)."

Appellant's Br. 11, *United States v. Hassan Johnson*, No. 17-3704 (Sept. 11, 2019).

Furthermore, Petitioner waived his right to appeal all non-jurisdictional issues, and Petitioner's waiver of any issues related to his arrest, and any search, as well as any sentencing issues was expressly discussed at the time of his plea. Crim. Doc. No. 60 at 31-32. The Eighth Circuit independently reviewed the record and "found no non-frivolous issues for appeal outside the scope of the appeal waiver." Crim. Doc. No. 66 at 2.

Petitioner also claims that appellant counsel "abandoned credible issues," but does not identify any such credible issues that his counsel abandoned. This argument is denied as conclusory and without merit.

Petitioner has failed to demonstrate that his appellant counsel's performance fell below an objective standard of reasonable competence. Thus, the Court will deny Petitioner's fourth claim.

**<u>Evidentiary Hearing</u>**

As noted above, an evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *see also United States v. Anjulo-Lopez*, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is required where the claim is inadequate on its face or

if the record affirmatively refutes the factual assertions upon which it is based.")
Additionally, the Court should not consider allegations that are "contradicted by the
record, inherently incredible, or conclusions rather than statements of fact." *Ford v.
United States*, 917 F.3d 1015, 1026 (8th Cir. 2019) (citation omitted).

Petitioner's allegations of coercion by plea counsel and plea counsel's refusal to
file a suppression motion do not merit an evidentiary hearing.  Petitioner claims that at
the plea hearing on July 27, 2017, he asked his counsel what happened to the suppression
hearing he requested months prior and in response counsel stated that if he wanted a
suppression hearing,  "[Petitioner] was going to be sent to the moon and receive nothing
less than 52 years," and that Petitioner was going to make the Government mad to the
point of them filing superseding information against petitioner and more charges would
be filed on the same day as the plea agreement.  Crim. Doc. 1-1, at 26.  These allegations
are both contradicted by the record and inherently incredible for two reasons.

First, Petitioner claims that at the plea hearing he asked counsel happened to the
suppression hearing, but less than two months prior, on June 14, 2017, Petitioner
knowingly and voluntarily waived his right to pre-trial motions in open court at the
motion waiver hearing before Judge David Noce.  *See* Crim. Doc. No. 70.  He also
confirmed his understanding that he was waiving any suppression issues at the plea
hearing.

> THE COURT: I take it from my review of this plea agreement that at a certain
> point in time you were arrested, either you or your car that you were in was
> searched, and certain items, including firearms, were seized from you.  Do you
> understand?

THE DEFENDANT: Yes, ma'am.

THE COURT: As part of what you are giving up in this portion of the plea agreement is your right to argue on appeal that any search, any seizure, any arrest, any statements made by you were obtained in violation of your rights.  Do you understand you are giving up that, the right to make…that argument?  Do you understand that?

THE DEFENDANT: Yes ma'am.

Crim. Doc. No. 60 at 32.

Second, Petitioner's claims of coercion are also plainly, and repeatedly contradicted by the record and his sworn statements under oath before both Judge Noce (Crim. Doc. No. 70) and before me at the time of his plea.  Crim. Doc. Nos. 58 and 60. As such, an evidentiary hearing is not warranted in this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Hassan Johnson's motion filed under 28 U.S.C. § 2225 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2023.